## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GALE DESILVER GREEN, JR., | | No. 4:20-CV-00445 |
| Petitioner, | | (Judge Brann) |
| v. | | |
| DOUGLAS K. WHITE, | | |
| Respondent. | | |

## MEMORANDUM OPINION

### JUNE 17, 2020

Presently before the Court is Petitioner Gale Desilver Green, Jr.'s petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging the BOP's classification of Petitioner as having a public safety factor and Walsh Act history.[1] Respondent submitted an answer[2] and the petition is now ripe for disposition.[3]  For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

## I.    BACKGROUND

Petitioner is presently incarcerated at Low Security Correctional Institution at Allenwood in White Deer, Pennsylvania with a projected date of release of July 20, 2023.[4]  On June 27, 2017, Petitioner was convicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and sentenced to 100 months of imprisonment

---

[1]    Doc. 1.
[2]    Doc. 8.
[3]    Petitioner has not filed a reply, and any such reply was due by June 1, 2020.
[4]    Doc. 1.

in the United States District Court for the Middle District of Pennsylvania, with a recommendation that "the defendant be evaluated for placement into the RDAP [residential drug abuse program] at FCI Schuylkill or other institution."[5]

The Federal Bureau of Prisons ("BOP") then evaluated where Petitioner should be housed to serve his sentence.[6]  As part of this process, on July 18, 2017, Petitioner was given a case management assignment ("CMA") of having Walsh Act history with a conviction.[7]  Petitioner received the Walsh Act CMA because of a juvenile adjudication.  This apparently precludes Petitioner from being placed in a minimum security facility, to which he would otherwise be assigned.[8]  According to an exhibit attached to the petition, the Application of Management Variable form, Petitioner will remain in a low security institution until "inmate Green is reviewed by the Sex Offender Certification Review Branch," after which he may be considered for placement in a minimum security facility.[9]

Petitioner filed the instant habeas corpus petition on March 18, 2020 to challenge his Walsh Act CMA because it "deprive[s] him of valuable programs and rehabilitative opportunities," and he seeks an order "to remove the Adam Walsh

---

[5]   *See United States v. Green*, No. 16-cr-295, Doc. 31 (judgment of conviction) (M.D. Pa. July 11, 2017).

[6]   Doc. 8.

[7]   *Id.*  The Court understands that a CMA of Walsh Act history is not civil commitment as a sexually dangerous person pursuant to 18 U.S.C. § 4248, which requires a commitment hearing and determination by a district court.

[8]   Doc. 2 at 6.

[9]   *Id.*

2

[history] classification."[10]   Petitioner also challenges the BOP's application of a

public safety factor ("PSF"), but, as Respondent explains in its answer, no PSF has

been applied to Petitioner's custody classification.[11]   Petitioner provides no evidence

or documentation to support his assertion that he is being deprived of valuable

programs and rehabilitative opportunities nor does he identify those programs and

opportunities.

## II.   DISCUSSION

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in

custody in violation of the Constitution or laws or treaties of the United States."[12]

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition

of a federal prisoner who is challenging not the validity but the execution of his

sentence."[13]   Any challenge that could "affect the duration of the petitioner's

sentence" is appropriately brought pursuant to § 2241.[14]   If, however, a petitioner is

attacking something other than the fact or length of his confinement, he is seeking

something other than immediate or speedier release—the traditional purpose of

---

[10]   *See* Docs. 1, 2 (brief).

[11]   *See* Doc. 8.

[12]   28 U.S.C. § 2241(c)(3).

[13]   *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).   *See Zayas v. INS*, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241").

[14]   *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008).   *See also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

habeas corpus.[15]  In such a case, when the claim does not directly implicate the fact or duration of a petitioner's confinement, it may not be pursued by a habeas corpus petition.[16]

Petitioner challenges the BOP's designation for him of a "Walsh Act" CMC, and the Court must consider whether such a challenge may be brought in a habeas petition.

The BOP's designation refers to the Adam Walsh Child Protection and Safety Act of 2006,[17] which "establishes a comprehensive national system for the registration of [sex] offenders" and permits federal courts to civilly commit those offenders who are deemed "sexually dangerous person[s]."[18]  When an inmate is given a "Walsh Act" designation by the BOP, the BOP's Sexual Offender Certification Review Branch ("SOCRB") reviews the inmate's file for sexual dangerousness approximately eighteen months before the inmate is scheduled for release from prison.[19]  "If the SOCRB finds that the inmate does not appear to be sexually dangerous, then the inmate is cleared for release and release planning continues.  If an inmate appears to be sexually dangerous, then the Attorney General for the United States or Director of the BOP transmits a certificate of sexual

---

[15]   *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).  *See also Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993).

[16]   *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

[17]   Pub. L. No. 109-248, 120 Stat. 587.

[18]   18 U.S.C. § 4248(a); 42 U.S.C. § 16901.

[19]   *See Brown v. Masters*, 2016 WL 8189268, at *2 (S.D.W. Va. Aug. 5, 2016).

4

dangerousness to the clerk of court for the district where the inmate is confined.  The

district court then must hold a hearing to determine whether the inmate is in fact a

'sexually dangerous person' such that civil commitment is necessary."[20]

Here, Petitioner does not allege that civil commitment proceedings have

begun against him.  Instead, he merely challenges the designation, which, at present,

has no impact on either the fact or duration of his confinement.  Thus, the Court

finds that it lacks jurisdiction over Petitioner's habeas claim.  Other courts that have

confronted this question have similarly concluded that a challenge to a sex offender

classification by the BOP falls outside the scope of § 2241 petition.[21]

Petitioner also alleges that his lack of access to certain programs due to his

CMC affects his ability to achieve a quicker placement in a residential re-entry

center.  In *Woodall v. Federal Bureau of Prisons*,[22] the United States Court of

Appeals for the Third Circuit held that the petitioner could bring a § 2241  petition

to challenge the BOP's failure to place him in a community corrections center.

Unlike the case at bar, the Third Circuit noted that the petitioner's sentencing

judgment specified that the petitioner "spend the last six months of his sentence in a

halfway house."[23]  Therefore, the Third Circuit held that the BOP's failure to comply

---

[20]  *Id.*

[21]  *See Brown*, 2016 WL 8189268, at *3 (citing cases) (holding that the court lacks jurisdiction over the § 2241 petition challenging petitioner's designation of Walsh Act history).

[22]  432 F.3d 235 (3d Cir. 2005).

[23]  *See id.* at 238.

with that sentencing specification did affect the execution of petitioner's sentence and gave the district court jurisdiction over the petition.

Here, Petitioner's judgment of conviction in his criminal case, provides for a term of imprisonment of 100 months and recommends that "the defendant be evaluated for placement into the RDAP [residential drug abuse program] at FCI Schuylkill or other institution."[24]  Notably, Petitioner does not allege that the BOP has refused to evaluate him for placement into RDAP or that he would be released earlier than his current projected release date if he had access to these unidentified programs and opportunities.[25]  Consequently, I conclude that this Court also lacks jurisdiction over the petition because Petitioner's challenge to his CMC is not inconsistent with a command or recommendation in his sentencing judgment, and thus does not affect the fact, duration, or execution of his sentence.[26]

---

[24]  *See United States v. Green*, No. 16-cr-295, Doc. 31 (judgment of conviction) (M.D. Pa. July 11, 2017).

[25]  The Court takes judicial note from the Bureau of Prisons' website that the RDAP program is available at LSCI Allenwood.  *See* BOP, "Residential Drug Treatment Programs and Locations," *at* https://www.bop.gov/inmates/custody_and_care/docs/RDAP_locations.pdf.

[26]  *See Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (concluding that because petitioner could not demonstrate that the BOP's conduct of placing petitioner in the special management unit was inconsistent with a command or recommendation in the sentencing judgment, the district court lacked jurisdiction over the § 2241 habeas petition).

### III.    CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge